United States Court of Appeals
Fifth Circuit

**F I L E D**

June 27, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50911
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

IGANCIO DEL ANGEL-BALDERAS,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-1036-All-PRM
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

        Ignacio Del Angel-Balderas was charged in a two-count

indictment with possession with intent to distribute 100

kilograms or more of marijuana and possession with intent to

distribute five kilograms or more of cocaine.  Del Angel-Balderas

pled guilty to both counts without the benefit of a plea

agreement.  He appeals his sentence.

        For the first time on appeal, Del Angel-Balderas contends

that the enhancement of his sentence based on prior convictions

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

which he did not admit and that were not alleged in the indictment is unconstitutional in light of Blakely v. Washington, 124 S. Ct. 2531 (2004). As Del Angel-Balderas did not raise a claim under Blakely or United States v. Booker, 125 S. Ct. 738 (2005) below, this court's review is for plain error. See United States v. Mares, 402 F.3d 511, 520 (5th Cir.), petition for cert. filed, No. 04-9517 (U.S. Mar. 31, 2005).

Del Angel-Balderas' sentence was enhanced based on his prior convictions. Booker reaffirmed the holding in Apprendi that prior convictions are excluded from the facts that must be admitted or proven to the jury. See Booker, 125 S. Ct. at 756. Thus, Del Angel-Balderas' sentence was not affected by a Booker error or a Sixth Amendment violation. See Booker, 125 S. Ct. at 750, 769. As such, the district court committed no error, plain or otherwise, by enhancing Del Angel-Balderas' sentence based on his prior convictions.

Del Angel-Balderas next contends that the district court erroneously denied his request for a minor-role reduction as an abuse of discretion that adversely affected his base offense level and states that, as a mere courier or "mule" in the offense, he was less culpable than the other participants in the drug trafficking scheme.

Del Angel-Balderas was convicted and sentenced based on his possession of the drugs that were found in his tractor trailer. Thus, he is not due a minor-role adjustment. Moreover, his

transportation of 322.05 kilograms of marijuana and 89.58 kilograms of cocaine provided an indispensable service to the others involved in the drug-trafficking scheme and was essential to their success.  As such, Del Angel-Balderas has not shown that he was substantially less culpable than the average participant.  See United States v. Brown, 54 F.3d 234, 241 (5th Cir. 1995); Garcia, 242 F.3d 593 at 597.  Accordingly, the district court did not clearly err in determining that Del Angel-Balderas was not entitled to a minor-role downward adjustment.  See United States v. Villanueva, __F.3d__, No. 03-20812, 2005 WL 958221 at *8 & n.9 (5th Cir. Apr. 27, 2005).

AFFIRMED.